# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BERNARD A. CLINE,

    Petitioner,

v.                                                                    Case No. 14-CV-3159-JTM

WARDEN DAN SCHNURR,

    Respondent.


**MEMORANDUM AND ORDER DENYING RECONSIDERATION**

On October 19, 2015, this court entered a Memorandum and Order that dismissed petitioner's Petition for Writ of Habeas Corpus as time-barred. (Dkt. 20). Petitioner now moves the court to stay that order, arguing the court abused its discretion and violated his right to due process. (Dkt. 23). Because petitioner asks this court to reconsider its order dismissing his habeas petition, the court construes this motion as a motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons stated below, the court denies the motion.

**I.**     **Legal Standard**

A motion to alter or amend judgment is appropriate only if the moving party establishes: 1) an intervening change in controlling law; 2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or 3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* It is not "a

second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

**II. Discussion**

Petitioner claims that "[he] was not afforded the right to properly exhaust his State Appellate Court procedures before an application of 28 U.S.C. [§] 2254 could be pursued." (Dkt. 23 at 1). He claims that the Ellsworth Correctional Facility Law Library staff and inmates took advantage of his illiteracy and low intelligence and improperly filed his appeal. *Id.* He states that "[he] was under the belief that his case was being appealed to the Appellate Courts of Kansas after the dismissal on January 15, 2014 by the Wyandotte County District Court." *Id.*

The court finds petitioner's argument that he was not afforded an opportunity to exhaust his state remedies conclusory. The motion itself and petitioner's previous filings to the state courts indicate that he has access to the courts. Nothing in the record indicates that he was prevented from exhausting his appeals to the state court. Petitioner alleges nothing that would indicate that someone purposefully misled him to believe that he had appealed the state court's denial of his motion for post-conviction relief. Even if he had done so, petitioner offers no explanation why he allowed 353 days to pass before he filed his motion for post-conviction relief. Nor has he alleged with specificity the steps he took to diligently exhaust his state remedies during the 42 days after the state district court entered its denial.

As to his illiteracy, this court previously considered it and rejected it in determining whether it constituted justification to grant petitioner the benefit of equitable tolling. The Tenth

2

Circuit has consistently held that a prisoner's illiteracy is insufficient to merit equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929-30 n.7 (10th Cir. 2008) (collecting cases). In sum, the court finds nothing in the motion that would cause it to modify its final judgment.

**IT IS THEREFORE ORDERED** that petitioner's motion (Dkt. 23) is DENIED.

**IT IS SO ORDERED** this 3rd day of March 2016.

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, Judge